Holmes v City of New York (2019 NY Slip Op 08922)





Holmes v City of New York


2019 NY Slip Op 08922


Decided on December 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2019

Renwick, J.P., Gische, Mazzarelli, Moulton, JJ.


10537 150596/18

[*1] Thomas K. Holmes, Plaintiff-Appellant-Respondent,
v
The City of New York, Defendant, The Gap, Inc., Defendant-Respondent-Appellant.


The Layton Law Firm, PLLC, New York (Paul Biedka of counsel), for appellant-respondent.
McAndrew, Conboy & Prisco, LLP, Melville (Mary C. Azzaretto of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Verna L. Saunders, J.), entered December 12, 2018, which, to the extent appealed from as limited by the briefs, granted defendant The Gap, Inc.'s motion to dismiss plaintiff's cause of action against it for negligent infliction of emotional distress, and denied its motion to dismiss plaintiff's causes of action against it for false arrest and malicious prosecution, unanimously modified, on the law, to grant the motion dismissing the causes of action for false arrest and malicious prosecution and otherwise affirmed, without costs.
Contrary to plaintiff's argument, extreme and outrageous conduct is an essential element of a cause of action alleging the negligent infliction of emotional distress (see Melendez v City of New York, 171 AD3d 566, 567 [1st Dept], lv denied 33 NY3d 914 [2019]). A civilian complaint, seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charge filed, does not provide a basis for false arrest or malicious prosecution (see Du Chateau v Metro-North Commuter R.R. Co., 253 AD2d 128, 131 [1st Dept 1999]).
We have considered the parties' remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 12, 2019
DEPUTY CLERK